## HOLMES JONES *vs.* RICHARD HOPKINS.

SALES—ISSUES AND PROOF.

The rule that, in action in assumpsit for goods sold and delivered, under plea of non assumpsit, the defendant vendee can show that a person other than plaintiff owned the goods at the time of sale, is not repealed by *Rev. Code* 1915, § 4201, giving defendant the additional remedy of interpleading the alleged owner.

(*March* 24, 1919.)

BOYCE and CONRAD, J. J., sitting.
*Herbert H. Ward, Jr.*, for plaintiff.
*Samuel H. Baynard, Jr.*, for defendant.
Superior Court, New Castle County, March Term, 1919.

FOREIGN ATTACHMENT, No. 14, January Term, 1919.

Action by Holmes Jones against Richard Hopkins. Verdict for plaintiff.

This was an action begun by foreign attachment. Declaration in assumpsit to recover for granite screenings sold and delivered. Plea of non assumpsit relied on.

The evidence showed that granite screenings were sold and delivered by the plaintiff to the defendant from a large pile of screenings belonging mostly to the plaintiff but partly to one B.

The defendant claimed that he had settled with the plaintiff except for a small balance which he had not paid because the plaintiff demanded payment for screenings which he had purchased from B. from the same pile.

The defendant offered to show that the screenings purchased from B. belonged to B. and not to the plaintiff. Mr. Ward objected on the ground that defendant should have interpleaded under the statute. *Rev. Code* 1915, § 4201.

Mr. Baynard contended that under the plea of non assumpsit the vendee of goods can show that a person other than the vendor owned them at the time of the sale. *Woolley on Del. Prac.* § 1463, *par.* 3, citing *Stille v. Layton*, 2 *Har.* 149, *McNamee v. Huffman*, 3 *Har.* 425 (426).

Mr. Ward replied that the statute, passed subsequent to the authorities cited, acted as a repealer.

BOYCE, J.:—The defendant admits owing a balance to the plaintiff. This sum he might have paid into court under *Rule* 78, and then as to the balance of plaintiff's demand, had recourse to the remedy of interpleader, afforded by *Rev. Code* 1915, § 4201, and *Rule* 95, thereby relieving himself of the controversy between the plaintiff and Mr. Bader, who claims ownership of part of the screenings delivered to the defendant. The course suggested was not adopted. It is the opinion of the court that the interpleader statute does not operate as a repealer of the rule of law that under the plea of non assumpsit the vendee of goods can show that a person other than the vendor owned the goods sold. The objection to the admission of the testimony offered is overruled.

The plaintiff had a verdict for the amount admitted to be due him by the defendant.